UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FIORITO, | No. 2:23-cv-0206 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| BREWER, | |
| Respondent. | |

Petitioner, a federal prisoner, proceeds on a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the court are respondent's request for judicial notice (ECF No. 21) and various requests for relief filed by petitioner (ECF Nos. 23, 24, 26-28, 30, 32, 35-37).

I. Respondent's "Notice" and Request for Judicial Notice

By order filed April 21, 2023, respondent was directed to respond to the petition within thirty days. ECF No. 15. Rather than filing a response, respondent has instead filed a "notice" of filing a motion for an extension of time in Fiorito v. Brewer, No. 2:23-cv-0758 WBS AC (E.D. Cal.), and a request for judicial notice asking that the court take notice of various proceedings in the United States District Court for the District of Minnesota and a vexatious litigant order imposed by that court in relation to petitioner's filing of civil rights actions. ECF Nos. 16, 21, 22. Neither is a response to the petition or a request for an extension of time to do so in this case.

Respondent's "notice" suggests that this case should potentially be stayed or dismissed

without prejudice pending resolution of the petition in Fiorto v. Fikes, No. 2:22-cv-2269 WBS AC (E.D. Cal.).  ECF No. 16 at 3.  However, neither course of action is appropriate based upon the incomplete record currently before the court.  Any request to stay or dismiss this action will not be considered unless properly briefed.

The request for judicial notice implies the court should re-screen and *sua sponte* dismiss the instant petition as vexatious, successive, and duplicative based on the materials provided, or potentially transfer the petition to the District of Minnesota.  ECF No. 21.  However, none of the materials provided by respondent, which consist primarily of case dockets, demonstrate that the instant petition is vexatious, successive, or duplicative and the request for judicial notice will be denied.  See ECF No. 22.  If respondent believes that the petition should be dismissed because it is successive or duplicative, then respondent must file a properly supported motion to dismiss that points the court to the case which renders the instant petition successive or duplicative.  Considering that all but one of the dockets provided by respondent are for civil rights cases,[1] it is not apparent to the court that any of those actions would render the instant petition successive or duplicative, and the court will not spend its time combing through cases to determine which, if any, render this action duplicative.  The court further notes that the fact that petitioner has been deemed vexatious with respect to his filing of civil rights lawsuits in the District of Minnesota does not necessarily render the instant petition vexatious or subject it to any of the prefiling requirements set forth in that court.

Respondent shall be provided one final opportunity to file a proper response to the petition.  In light of respondent's failure to properly respond up to this point and petitioner's multiple assertions that he is being held in custody past his release date (ECF Nos. 31, 32, 34-37), respondent shall have twenty-one days to respond, and no extensions of time will be granted.[2]

---

[1] One docket is for petitioner's criminal case.  ECF No. 22 at 47-98.
[2] The court acknowledges that the "notice" filed by respondent indicates that petitioner's projected release date is September 5, 2024.  ECF No. 16 at 3.  However, considering petitioner's multiple challenges to the calculation of his release date, absent evidence that the Bureau of Prison's calculation is correct, the court will assume petitioner's calculation to be correct and this action should therefore be expedited.  Respondent's "notice" further indicates that petitioner's
(continued)

II.     Motions to Expedite the Proceedings and Serve Respondent

Petitioner has filed multiple motions requesting that respondent be served, the proceedings be expedited, and that a ruling on the petition issue. ECF Nos. 23, 26, 35, 37. These motions will be granted to the extent that respondent is being directed to respond to the petition on an expedited basis with no extensions of time being permitted. Once briefing is complete, findings and recommendations will issue.

III.    Motions to Appoint Counsel

Petitioner has requested the appointment of counsel. ECF Nos. 24, 36. There currently exists no absolute right to appointment of counsel in habeas proceedings. Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." Petitioner requests appointment of counsel on the grounds that he believes discovery will be necessary and that he is being held past his release date. ECF Nos. 24, 36. This court has now ordered briefing of the petition on an expedited basis and will promptly review the briefing once it is complete. In ordering respondent to respond to the petition, the court has also directed respondent to provide copies of any documentation relevant to the issues presented in the petition. The court therefore does not find that the interests of justice would be served by the appointment of counsel at the present time and the motions will be denied.

IV.     Motion for Temporary Restraining Order or Preliminary Injunction

Petitioner has moved for a temporary restraining order or preliminary injunction directing the Bureau of Prisons to process his paperwork and release him to supervised release, an RCC, direct home confinement, or federal location monitoring. ECF No. 28. A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary

---

records have long since been requested from the Bureau of Prisons (id.), meaning there should be no delays attributable to obtaining documentation.

restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Under the "serious questions" variation of the test, a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Petitioner does not meet the burden under either formula. The motion relies on petitioner's allegations regarding the amount of earned time credits he has accrued. However, the record before the court is inadequate for the court to make such factual determinations. In addition, the motion and petition both seek the same relief. Because a determination of facts is necessary for any relief to issue, both the motion and the petition must be briefed before a ruling on the merits can issue. Under the present circumstances, an order of preliminary injunction would not offer petitioner any relief before a ruling on the petition would be reached. Instead, as briefing would run concurrently, were petitioner to ultimately prevail, an order of preliminary injunction would be made superfluous by a grant of habeas corpus relief. Thus, petitioner has not shown that, in the absence of a preliminary injunction, he "is likely to suffer irreparable harm before a decision on the merits can be rendered." Winter, 555 U.S. at 22. It will therefore be recommended that the motion for a temporary restraining order or preliminary injunction and petitioner's request for the United States Marshal's Service serve the motion will be denied.

V.      Motion to Delay Transfer

Petitioner requests that the court delay his transfer to another facility pending resolution of this matter. ECF No. 32. However, petitioner then filed a notice of change of address that indicated he was transferred to another facility less than two weeks after the court received his

motion. ECF No. 33. Since petitioner's transfer has already taken place, the motion to retain petition at FCI-Herlong is now moot and will be denied as such. Moreover, petitioner's motion fails to demonstrate grounds for preventing the Bureau of Prisons from transferring petitioner to another facility.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent is directed to file a response to the petition within twenty-one days from the filing of this order. No extensions of time will be granted. If an answer is filed, respondent shall include with the answer any and all transcripts or other documents relevant to the determination of the issues presented in the application.

2. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer.

3. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter.

4. Respondent's request for judicial notice (ECF No. 21) is DENIED.

5. Petitioner's motions for service, expedited proceedings, and a ruling (ECF Nos. 23, 26, 35, 37) are GRANTED to the extent set forth above and otherwise DENIED.

6. Petitioner's motion for service of his motion for a temporary restraining order or preliminary injunction (ECF No. 27) is DENIED.

7. Petitioner's motions for appointment of counsel (ECF Nos. 24, 36) are DENIED.

8. Petitioner's motion to delay his transfer to another prison (ECF No. 32) is DENIED as moot.

9. The Clerk of the Court is directed to assign this case to District Judge William B. Shubb in accordance with the May 2, 2023 related case order (ECF No. 17).

IT IS FURTHER RECOMMENDED that petitioner's motion for a temporary restraining order or preliminary injunction (ECF No. 28) be DENIED.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 8, 2024

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE