UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FIORITO,<br><br>    Petitioner,<br><br>    v.<br><br>BREWER,<br><br>    Respondent. | No.  2:23-cv-0206 AC P<br><br><br>ORDER |

    Petitioner is proceeding pro se with a habeas corpus petition filed pursuant to 28 U.S.C. § 2241.  The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  See ECF No. 19.

    On January 31, 2024, respondent filed a motion to dismiss the petition.  ECF No. 41. After petitioner failed to respond, he was given an additional twenty-one days to file an opposition or statement of non-opposition to the pending motion.  ECF No. 42.  In the same order, petitioner was informed that failure to file an opposition would result in a recommendation that this action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Id.  By order filed April 16, 2024, after petitioner once again failed to respond, the undersigned dismissed the petition for failure to prosecute and judgment was

////

entered. ECF Nos. 43, 44. On May 20, 2024, petitioner filed a motion to re-open the case.[1] ECF No. 45.

A motion relief from a judgment is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989)). The motion "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed [within the time provided by that Rule]. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (citations omitted). Since petitioner's motion for reconsideration was filed more than twenty-eight days after the entry of judgment, the motion is considered under Rule 60(b).

Rule 60(b) provides that

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"A party seeking to re-open a case under Rule 60(b)(6) 'must demonstrate both injury and

---

[1] Petitioner represents that he currently resides at a residential reentry center. ECF No. 45 at 3, 6. The court is unaware of any authority supporting application of the prison mailbox rule, see Houston v. Lack, 487 U.S. 266, 276 (1988), to inmates in pre-release custody. In any event, the motion is unaccompanied by a proof of service or other documentation attesting that petitioner provided his motion to RRC staff for mailing to the court on the date the motion was signed. Even if the instant motion were construed as a Rule 59(e) motion based on an earlier constructive filing date, the result would be the same for the reasons explained above.

1 circumstances beyond his control that prevented him from proceeding with the prosecution or
2 defense of the action in a proper fashion.'" Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir.
3 2007) (quoting Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002)).

4       Petitioner does not identify any facts that would provide grounds for relief under Rule
5 60(b)(2), (4), or (5). However, liberally construed, the motion can be seen as seeking relief under
6 Rule 60(b)(1), (3), and (6). In his motion, petitioner states that he never received a copy of the
7 motion to dismiss, which was filed approximately a week before he was transferred from FCI
8 Fort Dix, the prison where he was previously housed. ECF No. 45 at 1. He blames staff at FCI
9 Fort Dix for failing to forward his legal mail and respondent for failing to inform the court that he
10 was about to be placed in transit at the time the motion was filed. Id. at 2-3. He further accuses
11 respondent's counsel of acting unethically by moving to dismiss while knowing he was about to
12 be transferred and would never receive a copy of the motion. Id. at 3-4.

13       Contrary to petitioner's assertions, respondent is not to blame for his failure to receive a
14 copy of the motion to dismiss. Although respondent's motion to dismiss indicates that
15 respondent was aware that petitioner would be transferred in the near future, at the time the
16 motion was filed the transfer had yet to take place and the motion was properly served on
17 petitioner's address of record, which was his address at that time. See ECF No. 34 (petitioner's
18 notice of change of address to FCI Fort Dix); ECF No. 41 at 5 (certificate of service indicating
19 service on petitioner at FCI Fort Dix); ECF No. 45 at 1 (stating petitioner was at FCI Fort Dix
20 until February 6, 2024). The file further reflects that petitioner failed to file a notice of change of
21 address after he was transferred from FCI Fort Dix, and his address was not updated until
22 approximately three months after the motion to dismiss was filed, when the court updated
23 petitioner's address sua sponte after he filed a new case in this court. Under Local Rule 182(f),
24 pro se litigants are required to notify the court and all other parties of any change of address, and
25 the record confirms that petitioner is well aware of his obligation to notify the court of any change
26 of address, because he has done so in the past. See ECF Nos. 33, 34. It is neither respondent's
27 nor the court's responsibility to update petitioner's address of record.
28 ////

As for petitioner's claim that respondent's timing in filing the motion to dismiss was malicious, the timing of the motion was dictated by the court's order directing a response. See ECF No. 40. For these reasons, the court finds no fraud, misrepresentation, or misconduct on respondent's part. To the extent petitioner may be seeking relief on the grounds of "mistake, inadvertence, surprise, or excusable neglect," he offers no explanation for his failure to notify the court of his change of address. Under the circumstances presented, there is accordingly no basis for excusing petitioner's neglect of his obligation to file a notice of change of address in this case.

To the extent petitioner appears to rely on Rule 60's final catchall provision, "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). Petitioner provides no grounds for finding that his failure to file a notice of change of address, which was well within his control, constitutes an extraordinary circumstance. Moreover, contrary to petitioner's claim that he would be subject to a manifest injustice if this case is not reinstated, the court can find no such injustice on the facts of this case.

The petition sought reinstatement of one-year of good time credit under the First Step Act (ECF No. 1), and both the address included in petitioner's motion for relief and his reference to his access to a computer and printer in the RRC demonstrate that he is currently in pre-release custody. While the First Step Act of 2018 (FSA) mandates the application of time credits earned "by prisoners who successfully participate in recidivism reduction programs or productive activities" and meet certain criteria, the Bureau of Prisons (BOP) retains discretion over whether those credits are applied to prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C). Since petitioner is already in prerelease custody, and the decision whether to apply FSA credits to prerelease custody or supervised release is in the discretion of the BOP and not reviewable by this court, there does not appear to be any further relief the court could grant petitioner, rendering the petition moot. See Morales v. Brewer, No. 2:22-cv-2207 AC P, 2023 WL 3626315, at *2, 2023 U.S. Dist. LEXIS 90716, at *5 (E.D. Cal. May 24, 2023) ("The discretionary decision whether to release a prisoner into prerelease custody or supervised release under § 3624(g) is . . . not

1  reviewable by this court."). As such, declining to re-open this case would not result in any
2  injustice to petitioner.
3        The result would be the same if petitioner's motion were evaluated under Rule 59(e).
4  Relief under Rule 59(e) is an "extraordinary remedy which should be used sparingly." Allstate
5  Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). In general, there are four grounds upon
6  which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest
7  errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present
8  newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent
9  manifest injustice; or (4) if the amendment is justified by an intervening change in controlling
10 law. Id. (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per
11 curiam)). None of these circumstances are presented here for the reasons explained above.
12       Accordingly, IT IS HEREBY ORDERED that petitioner's motion to re-open the case
13 (ECF No. 45) is DENIED.
14 DATED: May 23, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE